UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE,

        Plaintiff,

   v.

MACRO PLASTICS, INC.,

        Defendant.

2:25-cv-03511-CKD

ORDER

This matter is before the court on the parties' joint request for entry of consent decree, filed on June 16, 2026. (ECF No. 11.) This case is before the undersigned for all purposes including entry of judgment pursuant to the parties' consent and minute order dated June 17, 2026. (ECF No. 15.) This matter is suitable for resolution without oral argument. See L.R. 230(g).

This suit arises from a complaint for declaratory and injunctive relief and civil penalties pursuant to the citizen suit enforcement provision of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. ("Clean Water Act"). (ECF No. 1.) Plaintiff is a 501(c)(3) non-profit, public benefit corporation. Defendant operates an industrial facility in Fairfield, California.

Prior to filing suit, plaintiff issued a sixty-day notice letter on September 8, 2025, to defendant and state and federal agencies to inform them of defendant's alleged violations underlying the suit. (ECF No. 1, ¶ 1.) Neither the EPA nor the State of California commenced an

1

action within sixty days regarding the alleged violations, thus permitting plaintiff to file suit in this court. See 42 U.S.C. § 7604(b).

Plaintiff filed suit on December 4, 2025, alleging defendant was responsible for discharge of polluted storm water and had violated various procedural and substantive requirements of the Clean Water Act. (ECF No. 1, ¶5.) Defendant denies all allegations and claims. (ECF No. 11-2 at 4.)

On May 1, 2026, the parties filed a notice of settlement stating they had reached a settlement and proposed consent decree resolving the claims in this action. (ECF No. 9.) On April 30, plaintiff sent a letter to the United States Department of Justice and the United States Environmental Protection Agency to trigger a mandatory 45-day review period of the proposed consent decree by the agencies. (ECF No. 11 at 2.) The Department of Justice responded by email confirming receipt and indicating the United States had no comments or objections. (ECF No. 11-1.)

As part of the proposed consent decree, over an effective period of two years, defendant shall implement additional appropriate structural and non-structural Best Management Practices to comply with regulations issued pursuant to Section 402 of the Clean Water Act. (ECF No. 11-2 at 4-6.) Within 30 days of the effective date, defendant shall implement an employee training program on matters including the prohibition of non-storm water discharges and how to detect and prevent non-storm water discharges. (Id. 6-7.) Defendant shall also take specified actions towards sampling, monitoring, and inspection and report the results to plaintiff and the State Water Board. (Id. at 7-8.) In the event a sample collected at defendant's facility exceeds target levels, defendant shall submit an Action Plan to plaintiff to initiate a meet and confer process between the parties and then shall implement the Action Plan adopted. (Id. at 9.) Defendant shall also allow plaintiff site access for inspections under certain terms. (Id. at 9-10.)

In addition, the proposed consent decree provides that defendant will make a payment of $25,000.00 to fund environmentally beneficial project activities that will reduce or mitigate impacts of storm water pollution from industrial activities occurring in Suisun Bay and its tributaries. (ECF No. 11-2, ¶ 19.) Defendant will also make stipulated payments for specified

failures and pay plaintiff $40,000.00 towards attorneys' fees and costs of this suit and $5,000.00 each reporting year. (Id. at ¶¶ 19, 22.)

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.'" United States v. Oregon, 913 F.2d 576, 580 (9th Cir. 1990) (quoting Williams v. Vukovich, 720 F.2d 909, 920 (6th Cir. 1983)). Before approving a consent decree, a district court must independently determine that the proposed agreement is "fundamentally fair, adequate, and reasonable" and "conform[s] to applicable laws." Oregon, 913 F.2d at 580. The court balances several factors which may include but are not limited to "strength of the plaintiffs' case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel; governmental participation; and reaction of the class members." Davis v. City & County of San Francisco, 890 F.2d 1438, 1445 (9th Cir. 1989) (citing Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F., 688 F.2d 615, 625 (9th Cir. 1982)). If a government agency is involved in the negotiation of a proposed consent decree, there is a presumption in favor of the decree's enforceability, and courts should pay deference to the agency's judgment. See S.E.C. v. Randolph, 736 F.2d 525, 529 (9th Cir. 1984).

Having reviewed and considered the proposed consent decree, the court finds it is fair, reasonable, and not against the public interest. The parties reached this settlement following arms-length negotiations by counsel who are aware of the strengths and weaknesses of their respective cases. The proposed consent decree is consistent with important goals of the Clean Water Act, given that contaminated discharge of storm water and non-storm water are significant sources of water pollution in the nation. Although a government agency was not involved in negotiating the proposed consent decree, the United States' non-opposition to the parties' request for the court's approval supports finding it is an appropriate resolution of this case. See Pa. Env't Def. Found. v. Bellefonte Borough, 718 F. Supp. 431, 435 (M.D. Pa. 1989) (considering comments from the United States, a nonparty, in approving a consent decree in a citizen suit action brought under the Clean Water Act).

////

3

For the reasons set forth above, IT IS ORDERED as follows:

1. The joint request for entry of the parties' consent decree (ECF No. 11) is GRANTED.

2. The parties' stipulation and proposed consent decree (ECF No. 11-2) is approved.

3. The court retains continuing jurisdiction to enforce the consent decree in this action for the duration of the decree.

4. The Clerk of the Court is directed to close this case.

Dated:  June 29, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 cali25cv3511.cd

4